**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

DAVID J. HALSTEAD,

Petitioner,

vs.

JAMES McKINNEY,

Respondent.

No. C14-3023-MWB

**REPORT AND
RECOMMENDATION ON
MOTION TO DISMISS PETITION
FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254**

_____

*TABLE OF CONTENTS*

*I.*    *INTRODUCTION*.................................................................*2*

*II.*   *FACTUAL AND PROCEDURAL BACKGROUND*...............................*2*

*III.*   *APPLICABLE STANDARDS* .....................................................*5*

*IV.*   *DISCUSSION*......................................................................*7*
     *A.*    *Applicable Standards*.....................................................*7*
     *B.*    *Analysis*.....................................................................*8*
         *1.*    *Grounds One, Two, Three and Five*................................*8*
            *a.*    *Exhaustion and Procedural Default*.........................*8*
            *b.*    *Exception to the Procedural Default Rule* ..................*10*
         *2.*    *Ground Four* ........................................................*14*

*IV.*   *CONCLUSION AND RECOMMENDATION*....................................*16*

## I. INTRODUCTION

On April 18, 2014, David J. Halstead, an inmate at the Fort Dodge Correctional Facility (FDCF), filed a pro se petition (Doc. No. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent James McKinney (Respondent), the warden at FDCF, has filed a motion (Doc. No. 8) to dismiss the petition. He contends that the grounds asserted in the petition were not exhausted at the state level and are now procedurally defaulted. Halstead did not file a resistance.[1] The matter is fully submitted. This case has been referred to me (Doc. No. 9) by United States District Judge Mark W. Bennett for preparation of a report and recommendation disposition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Iowa Supreme Court described the facts and proceedings of Halstead's trial and direct appeal as follows:

> Lester Recinos lived in a group home in Sioux City, Iowa, when he became a crime victim. On August 1, 2008, Recinos failed to return to the group home by curfew. At 2:30 a.m., a group-home employee saw Recinos being pulled from a parked minivan. As Recinos fell to the ground, a man kicked and punched him. Passengers in the van ordered the attacker to take jewelry and money from Recinos. The group-home employee called the police. The ensuing investigation implicated David Halstead, allegedly a passenger in the van, in the crime.
>
> The State charged Halstead with four criminal offenses: assault while participating in a felony; theft in the first degree, which served as the predicate felony for assault while participating in a felony; robbery in the second degree; and conspiracy to commit a forcible felony (robbery in the

---

[1] A pro se litigant generally is not excused from complying with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Because Halstead failed to resist the motion, it could be granted on that basis alone. *See* Local Rule 7(f) ("If no timely resistance to a motion is filed, the motion may be granted without notice."). However, in light of the fact that the motion seeks relief that would terminate the case, I will address its merits.

second degree). A jury convicted Halstead of assault while participating in a felony and robbery in the second degree. The jury acquitted Halstead of theft in the first degree and instead found him guilty of theft in the fifth degree, a misdemeanor lesser included offense of theft in the first degree.

Halstead filed a motion for a new trial. In the motion, Halstead asserted that the jury's verdict on assault while participating in a felony, a compound felony, was inconsistent with his acquittal on the charge of theft in the first degree, the only available predicate felony under the jury instructions in the case. The trial court overruled the motion, and this appeal followed.

*State v. Halstead*, 791 N.W.2d 805, 806-807 (Iowa 2010). The Court made it clear that Halstead appealed only from his conviction for assault while participating in a felony, referring to his other convictions as "unappealed convictions" and, later, his "unchallenged convictions on theft in the fifth degree and robbery in the second degree." *Id.* at 806, 816-17.

The Court reversed Halstead's conviction for assault while participating in a felony, finding that it was based on an inconsistent verdict because the jury acquitted Halstead of the underlying predicate felony. *Id.* at 806, 815-16. Therefore, Halstead prevailed on the only issue considered on direct appeal. The Iowa Supreme Court remanded the case for resentencing. *Id.* The State then dismissed the reversed charge, making resentencing unnecessary. The district court nonetheless offered to resentence Halstead, if he so requested, but he did not make that request.

After his direct appeal, Halstead filed an action for postconviction relief (PCR) in which he asserted two claims of ineffective assistance of trial counsel: (1) failure to call his brother, Dan Halstead, as a trial witness and (2) failure to present an intoxication defense. The district court denied Halstead's PCR application on November 27, 2012, finding counsel was not ineffective and there was no prejudice. Halstead appealed that decision, raising the same two issues on appeals. On October 2, 2013, the Iowa Court

3

of Appeals affirmed the district court's decision. *Halstead v. State,* 840 N.W.2d 727, 2013 WL 5498090 (Iowa Ct. App. 2013) (unpublished table decision). The court stated:

> The district court's detailed ruling thoroughly addressed the issues presented and correctly found that counsel was not ineffective. Halstead was unable to show trial counsel breached a professional duty on either ground. Pursuant to Iowa Court Rule 21.26(1)(a), (d), and (e), this court affirms the district court's denial of Halstead's application.

2013 WL 5498090, at *1. Halstead did not seek further review by the Iowa Supreme Court.

Halstead then filed his petition (Doc. No. 1) in this court. He raises the following grounds for relief:

**Ground One:** "Evidence insufficient, presented evidence prejudiced jury without video evidence, booking sheet, expert testimony." Doc. No. 1 at *4.

**Ground Two:** "Ineffective assistance of Counsel—Counsel failed to call expert witness testimony for witness list." *Id.*

**Ground Three:** "Expert testimony, blood stain expert, evidence shown to jury and disregarded." *Id.* at *5.

**Ground Four:** "Predicate acquittals according to jury instructions, evidence insufficient according to jury instructions, predicates are elements of compounds." *Id.*

**Ground Five:**[2] "The trial ct. changed the sentence structure redefining Robbery 2nd as a 'specific intent' 'forcible felony' subject to the §902.12 sentencing code (70% mandatory), indistinct jury instruction number 21, resentencing has not taken place, unconstitutional or ill-defined manner that the 70% mandatory sentence was applied in open court – a due process violation." *Id.* at *6.

Respondent filed his motion to dismiss (Doc. No. 8) on July 30, 2014.

---

[2] Ground Five is described in the section of the petition designated for an explanation of any failure to exhaust claims.

## III.    APPLICABLE STANDARDS

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss a section 2254 petition on procedural grounds, such as the petitioner's failure to exhaust state remedies, is proper under the Rules Governing Section 2254 Proceedings (the 2254 Rules). *See, e.g., White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *Ebert v. Clarke,* 320 F. Supp. 2d 902, 909 (D. Neb. 2004); *McLeod v. Moscicki,* No. 02 Civ. 9335 (WHP), 2003 WL 22427757, at \*3 (S.D.N.Y. Oct. 22, 2003) (noting that pursuant to Federal Rule of Civil Procedure 81(a), the Federal Rules of Civil Procedure apply to habeas cases to the extent they are not inconsistent with the 2254 Rules).

The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that

a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts
that are "merely consistent with" a defendant's liability, it "stops short of
the line between possibility and plausibility of 'entitlement to relief.' " *Id.*,
at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n. 4 (8th Cir. 2010)). While *factual* "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927, 937 (N.D. Iowa 2014).

In deciding a motion brought pursuant to Rule 12(b)(6), the court may consider certain materials outside the pleadings, including (a) "the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003)), and (b) "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Thus, the court may "consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller*, 688 F.3d at 931

n. 3 (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).[3]

## IV.    DISCUSSION

### A.    Applicable Standards

A petition for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (1) the applicant has exhausted the remedies available in the courts of the State, (2) there is an absence of available State corrective process or (3) circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. §2254(b)(1)(A)-(B)(ii).  In order to exhaust a claim, the prisoner must give the state courts a full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  The reason is as follows:

> State courts, like federal courts, are obliged to enforce federal law.  Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. . . .  This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem[liness]" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance.

*Id*. at 844-45 [citations omitted].  The claim must have been "fairly presented" to the state courts,  *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986), which means the petitioner raised the same factual grounds and legal theories in the state courts that he or she now raises in federal court.  *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003).

---

[3] In support of his motion, Respondent relies on various filings in the Iowa state court actions.  Doc. No. 8-2.  I find these materials to be matters of public record that are properly considered in analyzing the motion.

An Iowa prisoner whose appeal was transferred to the Iowa Court of Appeals must file an application for further review by the Iowa Supreme Court to exhaust his or her claims properly in the state courts. *Welch v. Lund*, 616 F.3d 756, 759 (8th Cir. 2010). Additionally, to satisfy the "fairly presented" requirement, the petitioner is required to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in the state court. *Abdullah v. Groose*, 75 F.3d 408, 411-12 (8th Cir. 1996).

If a petitioner has not yet presented his habeas claims to the state courts, those claims are defaulted if a state procedural rule precludes the petitioner from raising the issue now. *Abdullah*, 75 F.3d at 411. Federal courts will not review a procedurally defaulted habeas claim because the state court is deprived of the opportunity to address those claims in the first instance. *Id.* The Supreme Court stated:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).


**B.     Analysis**

**1.     Grounds One, Two, Three and Five**

**a.     Exhaustion and Procedural Default.**

In his motion to dismiss, Respondent argues Grounds One, Two, Three and Five were not exhausted and are now procedurally defaulted. He contends these grounds were not raised in Halstead's direct appeal or his PCR application. Respondent asserts that because these grounds were not presented to the state courts for one full round of review,

they cannot form the basis of a federal habeas petition. After carefully reviewing the state court proceedings, I agree.

As noted above, only those grounds that were fairly and fully presented to the state courts are reviewable in an action brought under section 2254. Halstead presented three issues to the Iowa courts, one on direct appeal and two in his PCR application. Those were (1) insufficient evidence to warrant a conviction on Count IV (assault while participating in a felony) based on the inconsistent verdict, (2) ineffective assistance of counsel based on trial counsel's failure to call Halstead's brother, a co-defendant, as a witness and (3) ineffective assistance of counsel based on trial counsel's failure to raise intoxication as a defense. Halstead now raises five grounds for relief. Only Ground Four, which I will discuss below, involves an issue raised in the Iowa state courts. Grounds One, Two, Three and Five are being raised for the first time in this federal habeas action. Halstead failed to meet the exhaustion requirement with regard to those four grounds. Additionally, Iowa law prevents him from now raising new claims in the Iowa courts. *See* Iowa Code § 822.8.[4] Therefore, and unless any exception applies, these four grounds were not exhausted, are procedurally defaulted and are not available for federal habeas review.

---

[4] Stating as follows:

**GROUNDS MUST BE ALL-INCLUSIVE.**

All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Iowa Code § 822.8.

### b. Exception to the Procedural Default Rule.

As noted above, a federal court cannot review a defaulted claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750. In his petition, Halstead claims he raised each of these grounds in his pro se motion for postconviction relief and that his counsel changed or amended his complaint to exclude the appeal points, explaining that evidentiary issues could not be raised in PCR applications, only errors of law. Halstead essentially claims his PCR counsel was ineffective by not addressing the various ways he believed his trial counsel had failed and, therefore, caused those claims to procedurally default.

Under *Coleman*, an attorney's negligence in a postconviction proceeding does not create cause for excusing procedural default. *Id*. at 752-53. However, the United States Supreme Court recognized an exception to this rule in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The exception arises when:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] … be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (quoting *Martinez,* 132 S. Ct. at 1318-19, 1320-21). In *Martinez,* the Court described the factual and procedural context as follows:

> The State of Arizona does not permit a convicted person alleging ineffective assistance of trial counsel to raise that claim on direct review. Instead, the prisoner must bring the claim in state collateral proceedings. In the instant case, however, petitioner's postconviction counsel did not raise the

ineffective-assistance claim in the first collateral proceeding, and, indeed, filed a statement that, after reviewing the case, she found no meritorious claims helpful to petitioner. On federal habeas review, and with new counsel, petitioner sought to argue he had received ineffective assistance of counsel at trial and in the first phase of his state collateral proceeding.

*Id.* at 1313. The Court noted that under these circumstances, "the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim." *Id.* at 1317. The Court then discussed the importance of effective counsel in investigating and presenting the alleged errors of trial counsel. *Id.* at 1317-18. The Court concluded that when a collateral proceeding was the prisoner's first opportunity to assert ineffective assistance of trial counsel claims, any procedural default with regard to those claims should be excused if, "in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320.

The Supreme Court expanded the *Martinez* exception in *Trevino*, a case in which the petitioner was convicted in a Texas state court. While Texas does not explicitly prohibit allegations of ineffective assistance of trial counsel on direct appeal, the Court found that the "structure, design, and operation" of the Texas procedural system "does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 133 S. Ct. at 1921. The Court then found that there is no meaningful distinction between a state that explicitly bars allegations of ineffective assistance on direct appeal and a state that "in theory grants permission but, as a matter of procedural design and systemic operation, denies a meaningful opportunity to do so." *Id.* The Court held that the *Martinez* exception applies to both scenarios. *Id.*

Like Texas, Iowa does not explicitly prohibit a defendant from raising ineffective assistance claims on direct appeal. Iowa instead requires that *all* claims, including

ineffective assistance claims, be raised on direct appeal in order to preserve them for a later PCR application:

> We recognize the trial record is often inadequate for appellate courts to resolve claims of ineffective assistance of trial counsel raised on direct appeal. . . . Consequently, we often preserve ineffective assistance of counsel claims for postconviction relief proceedings to allow a record on the performance of trial counsel to be developed. . . . Nevertheless, we have held that our frequent preference to preserve ineffective assistance claims for postconviction relief does not alleviate the need to at least raise the claim on appeal. When all claims are raised on appeal, the proper course of action to resolve each claim can be judicially determined after an independent review of the record. Thus, we can decide the issue on the available record or preserve it for postconviction relief. Additionally, ineffective assistance claims can, at times, be resolved by appellate courts on direct appeal without the need to consider the conduct of trial counsel when the record reveals an absence of prejudice. . . . Thus, a trial record which is insufficient to judge the performance of counsel does not necessarily render the appeal of the claim frivolous. Furthermore, a rule which requires all claims to be raised on direct appeal is not necessarily inexpedient.

*Berryhill v. State,* 603 N.W.2d 243, 245-46 (Iowa 1999). The Court concluded as follows:

> Thus, we reaffirm our principle that postconviction relief is not available to litigate claims not raised on direct appeal, and emphasize that, although counsel should raise the issue of the adequacy of a record to decide a claim on appeal, appellate courts, not counsel, determine whether the record is inadequate to decide a claim presented on appeal.

*Id.* at 246.

Notwithstanding this rule, the failure to raise an issue on direct appeal may be excused upon a showing that appellate counsel was ineffective. *See, e.g., Nguyen v. State*, 707 N.W.2d 317, 323 (Iowa 2005). Thus, a defendant in Iowa has two opportunities to raise claims that trial counsel was ineffective: (1) on direct appeal, when the record may or may not be adequate to allow full review, and (2) on an application for

PCR, when the issue has been preserved on direct appeal or when preservation is excused due to the ineffective assistance of appellate counsel.

This procedure differs significantly from that in Texas in at least one very important respect:  Texas defendants are not *required* to raise ineffective assistance claims on direct appeal.  *Trevino*, 133 S. Ct at 1918.  Indeed, the Supreme Court found that Texas courts actually *discourage* that practice.  The Court stated:  "Texas courts in effect have directed defendants to raise claims of ineffective assistance of trial counsel on collateral, rather than on direct, review."  *Id*. at 1919.  The Court also pointed out that "Texas' highest criminal court has explicitly stated that '[a]s a general rule' the defendant 'should not raise an issue of ineffective assistance of counsel on direct appeal,' but rather in collateral review proceedings."  *Id*. at 1920 (quoting *Mata v. State*, 226 S.W.3d 425, 430, n.14 (2007)).  The Court found that "[T]he [Texas] criminal bar, not surprisingly, has taken this strong judicial advice seriously," citing a *Texas Bar Journal* article for the proposition that the postconviction relief process "is the first opportunity for a capital client to raise challenges to the effectiveness of trial or direct appeal counsel."  *Id*. (quoting *Guidelines and Standards for Texas Capital Counsel*, 69 Tex. B.J. 966, 977, Guideline 12.2(B)(1)(d) (2006)).  The Court concluded with the following rhetorical question:

> How could federal law deny defendants the benefit of *Martinez* solely because of the existence of a theoretically available procedural alternative, namely direct appellate review, that Texas procedures render so difficult, and in the typical case all but impossible, to use successfully, and which Texas courts so strongly discourage defendants from using?

*Id*.

Based on the characterization set forth in *Trevino*, defense attorneys in Texas have no incentive to investigate and raise ineffective assistance of counsel claims on direct appeal because doing so is not only optional, but actually discouraged.  By contrast, as

noted above, the Iowa Supreme Court has made it clear that such claims must be raised on direct appeal, with the appellate court then deciding whether the factual record is sufficiently developed to resolve those claims. A claim not raised on direct appeal is waived, absent a showing that appellate counsel was ineffective in failing to do so. These well-established principles give defense attorneys in Iowa an incentive to investigate and raise ineffective assistance claims immediately, on direct appeal.

Based on this significant distinction, I find that the *Martinez* exception, as expanded in *Trevino*, does not apply in Iowa. Halstead had the opportunity to raise his trial counsel's ineffective assistance on direct appeal. Having failed to do so, he had the opportunity to do so at the PCR stage by attempting to show that his appellate counsel was ineffective. However, he failed to raise the issues he now presents as Grounds One, Two, Three and Five in either of those proceedings. As noted above, he no longer has to opportunity to raise those claims in the Iowa state courts. Under *Coleman,* his procedural default cannot be excused due to any alleged ineffective assistance on the part of PCR counsel. Grounds One, Two, Three and Five were not fairly presented to the state courts and cannot be considered in this action. I must recommend that the Respondent's motion to dismiss be granted as to those four grounds.

### 2.    *Ground Four*

In Ground Four, Halstead seeks review based on: "Predicate acquittals according to jury instructions, evidence insufficient according to jury instructions, predicates are elements of compounds." Doc. No. 1 at 5. Respondent argues (a) to the extent Halstead presented this issue on direct appeal, he prevailed and as such, this ground should not be reviewed, and (b) to the extent Halstead is raising a new claim, that claim is not exhausted and procedurally defaulted. I agree.

The only claim Halstead raised on direct appeal was that the evidence was insufficient to warrant a conviction on Count IV (assault while participating in a felony). This argument was based on the fact that the jury acquitted Halstead on the underlying felony with regard to Count IV, but nonetheless found him guilty on Count IV. The Iowa Supreme Court described the issue as follows:

> In this case, we confront the validity of inconsistent jury verdicts in a criminal trial in which a single defendant is convicted on a compound offense that requires, as an element, a finding of guilt on a predicate offense, but is acquitted on the underlying predicate offense.

*State v. Halstead,* 791 N.W.2d 805, 806 (Iowa 2010). Halstead prevailed on direct appeal, as the Iowa Supreme Court vacated his conviction on Count IV and held that he could not be retried on that charge. *Id.* at 816. The court then remanded the case for resentencing on "Halstead's unchallenged convictions on theft in the fifth degree and robbery in the second degree." *Id.* at 816-17.

As it turns out, resentencing was unnecessary because the sentence on the two unchallenged convictions ran concurrently with the vacated sentence on Count IV. Nonetheless, as noted above, the Iowa District Court gave Halstead the option of being resentenced, but he did not request resentencing. Regardless, he was victorious on this issue on direct appeal. To the extent he raises the issue again here, it is moot.

To the extent Ground Four presents one or more new claims for relief, the same exhaustion and procedural default principles discussed above would apply to those claims. Halstead did not present any such claims to the Iowa state courts for one full round of review and it is too late for him to do so now. Nor has he demonstrated any grounds for excusing his procedural default. Therefore, if Ground Four presents new claims they cannot be considered in this case. I must recommend that the Respondent's motion to dismiss be granted as to Ground Four, as well.

## V. CONCLUSION AND RECOMMENDATION

For the reasons set forth herein, I RESPECTFULLY RECOMMEND that Respondent's motion (Doc. No. 8) to dismiss be **granted** as to all grounds for relief raised in the petition and that this action be **dismissed with prejudice**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 12th day of November, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE