# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DAVID J. HALSTEAD,<br><br>    Petitioner,<br><br>vs.<br><br>JAMES MCKINNEY,<br><br>    Respondent. | No. C14-3023-MWB<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION AND BACKGROUND

Petitioner David J. Halstead's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody is before me pursuant to a Report and Recommendation of United States Magistrate Judge Leonard T. Strand recommending that respondent James McKinney's Motion to Dismiss be granted and the petition be dismissed because all of Halstead's claims are either procedurally defaulted or moot. Neither party has filed objections to Judge Strand's Report and Recommendation. I now consider whether to accept, reject, or modify Judge Strand's Report and Recommendation.

## II. ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the

> court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, I have reviewed Judge Strand's Report and Recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only

2

have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record").  After conducting my review, I am not "'left with [a] definite and firm conviction that a mistake has been committed,'" and find no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  Therefore, I **accept** Judge Strand's Report and Recommendation and order that Halstead's petition for a writ of habeas corpus is **dismissed**.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, I must determine whether to issue a certificate of appealability.  In § 2254 cases, a certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(1)-(2). I find no issue on which Halstead has made a substantial showing of a denial of a constitutional right and no certificate of appealability will issue in this case.

**IT IS SO ORDERED.**

**DATED** this 23rd day of December, 2014.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA